UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VALENZUELA,

    Plaintiff,                                   Case No. 8:19-cv-02181

v.

AXIOM ACQUISITION VENTURES, LLC,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW comes ROBERT VALENZUELA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AXIOM ACQUISITION VENTURES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Hillsborough County, Florida, which is within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer, over 18 years-of-age.

5. Defendant is a debt collector and a limited liability company organized under the laws of the State of Florida. Defendant's principal place of business is located at 12425 Race Track Rd., Suite 100, Tampa, Florida 33626.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject consumer debt") Plaintiff purportedly incurred with Cross River Bank.

8. Plaintiff incurred the subject consumer debt, a personal loan, in order to fund the purchase of personal and household goods and services.

9. Cross River Bank sold the subject consumer debt to Defendant after Plaintiff allegedly defaulted on his payments.

10. Around July 22, 2019, Defendant caused to be mailed to Plaintiff a collection letter ("Defendant's letter") in an attempt to collect upon the subject consumer debt.

11. Defendant's letter was a communication and an attempt to collect upon the subject consumer debt for *at* least the following reasons: a) Defendant's letter addressed Plaintiff as an "[o]bligor[];" and b) Defendant urged Plaintiff to send payment to a specific address "[e]ffective immediately[.]"

12. Upon information and belief, Defendant's letter was Defendant's initial communication with Plaintiff.

13. Defendant's letter does not appraise Plaintiff of his rights under the FDCPA, specifically 15 U.S.C. § 1692g.

14. It also failed to disclose itself as a debt collector in Defendant's letter.

15. Furthermore, the contents of Defendant's letter are confusing as to the origins and chain of ownership of the subject consumer debt. Specifically, Defendant's letter states that it, "purchased the above referenced account from ."

16. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in an expenditure of resources.

17. Plaintiff has been unfairly misled by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions..

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA, § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

26. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. The contents and structure of Defendant's letter is misleading and confusing as to the origins and chain of ownership of the subject consumer debt. The deceptive nature of Defendant's letter is highlighted by the absence of the required "dunning" language that would have appraised Plaintiff of his right to dispute the validity of the subject consumer debt. Consequently, Defendant's letter obfuscates the legitimacy of the subject consumer debt and does not provide Plaintiff with the information required under the FDCPA to dispute the validity of the subject consumer debt.

27. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

### b. Violations of the FDCPA, § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of Defendant and shield itself from any potential retaliation.

### c. Violations of the FDCPA, § 1692g

30. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

31. Defendant violated § 1692g by failing to provide the written information required within five days after the respective initial communications with Plaintiff.

32. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff ROBERT VALENZUELA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2019                              Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*