IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT VALENZUELA,**

           **Plaintiff**

           v.

CASE NO.: 8:19-cv-02181-JSM-CPT

**AXIOM ACQUISITION VENTURES, LLC,**

           **Defendant.**

_____/

## DEFENDANT AXIOM ACQUISITION VENTURES, LLC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 56, Defendant Axiom Acquisition Ventures, LLC (Axiom) respectfully moves the Court to enter summary judgment in its favor and against Plaintiff Robert Valenzuela as follows:

1.    Mr. Valenzuela filed his Complaint on August 29, 2019, alleging Axiom violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") in connection with a letter Axiom sent to him on or about July 22, 2019.  *See* ECF No. 1.

2.    For the reasons more fully set forth in the incorporated Memorandum of Law, Axiom respectfully submits that no genuine issues of material fact exist precluding the entry of judgment in Axiom's favor, and thus Axiom is entitled to judgment as a matter of law.

WHEREFORE, Defendant Axiom Acquisition Ventures, LLC respectfully requests that this Honorable Court grant its Motion for Summary Judgment and enter judgment it its favor.

## MEMORANDUM OF LAW

**I.    STANDARD OF REVIEW**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1

Civ. P. 56(a). Summary judgment is appropriate "...after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Conversely, to avoid summary judgment, the opposing party must come forward with specific facts in dispute that are material and of a substantial nature. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1996). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonable find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Conclusory allegations, evidence that is not significantly probative, and personal opinions do not suffice to defeat a motion for summary judgment. *Johnson v. Fleet Fin., Inc.*, 4 F.3d 946, 949 (11th Cir. 1993).

## II.    ARGUMENT

Mr. Valenzuela's Complaint alleges that Axiom's July 22, 2019 letter violates the FDCPA in three ways. First, he contends it did not inform Mr. Valenzuela of his right to dispute the debt as required by 15 U.S.C. § 1692g. Second, he argues it was false, deceptive or misleading under § 1692e because it confused and mislead Mr. Valenzuela as to the origins and chain of ownership of the debt. Finally, he alleges the letter constitutes an unfair or unconscionable means of debt collection in violation of § 1692f because it concealed Axiom's status as a debt collector. But because the letter at issue was not sent "in connection with the collection of any debt," Axiom is entitled to summary judgment as a matter of law.

   A. *Axiom did not engage in any conduct or activity prohibited by the FDCPA.*

  To establish a violation of the FDCPA, a plaintiff must show (1) the defendant is a "debt collector," (2) the challenged conduct was made "in connection with the collections of any debt," and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Reese v. Ellis, Painter, Ratterree, & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). The FDCPA does not apply to every communication between a debt collector and a debtor. *Parker v. Midland Credit Mgmt.*, 874 F. Supp.2d 1353, 1356-57 (S.D. Fla. 2012). When determining whether a communication is made in connection with the collection of any debt, the courts look to the specific language of the communication. *Kinlock v. Wells Fargo Bank, N.A.*, 636 Fed. Appx. 785, 787 (11th Cir. 2016). "[T]he Court must determine, by examining the letter as a whole, whether debt collection is the animating purpose of the correspondence. Relevant features include 'the language of the letters in question, specifically statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the firm was attempting to collect a debt and was acting as a debt collector.'" *Maximiliano v. Portfolio Recovery Assocs., LLC*, 2017 U.S. Dist. LEXIS 214698 (S.D. Fla. 2017).

  In *Parker,* this Court held that a letter merely informing a debtor of a change of ownership of the account did not constitute a "communication" under the FDCPA. *Parker,* 874 F. Supp. at 1358. Like the letter at issue here, the *Parker* letter did not demand payment or otherwise discuss the specifics of the account; rather, it merely informed the consumer that the account had been assigned to Midland Funding LLC. *Id.* As such, this Court found that "[a] letter…that merely informs a debtor of the assignment of her debt, provides the debtor with the new information, and clearly states that the letter is not an attempt to collect a debt should stand as an example of a letter

Case 8:19-cv-02181-JSM-CPT   Document 14   Filed 01/13/20   Page 4 of 6 PageID 51

that does not constitute a communication in connection with the collection of a debt in violation of the FDCPA." *Id.*

Relying on *Parker*, the Southern District of Florida similarly concluded that a letter which informed a debtor of the assignment of the account but did not contain a demand for payment, did not discuss additional fees if payment was not tendered, and did not disclose that the letter was an attempt to collect a debt, was not a "communication" under the FDCPA. *Maximiliano* 2017 U.S. Dist. LEXIS 214698 at *9 - *12. The *Maximiliano* letter contained disclosures under § 1692g of the FDCPA. *Id.* at *12. Maximiliano argued strenuously that the provision of these disclosures compelled the conclusion that the letter was sent in connection with the collection of a debt; however, the Southern District of Florida expressly rejected this argument and concluded that the addition of the § 1692g disclosures "…does not suffice to transform an otherwise informational letter into a letter sent in connection with the collection of a debt." *Id.* at *12 - *13.

By contrast, letters containing demands for payment or otherwise threatening the imposition of additional fees should payment not be made do constitute debt collection communications. In *Caceres v. McCalla Raymer, LLC,* 755 F.3d. 1299 (11th Cir. 2014), unlike the letters in *Parker* and *Maximiliano*, the *Caceres* letter contained a demand for payment, as well as detailed payment instructions. It explicitly stated that it was sent "for the purpose of collecting a debt." It made several references to continuing collection efforts and threatened the imposition of additional attorney's fees and interest should payment not be made. *Id.* at 1303.

Comparing Axiom's July 22, 2019 letter to the holdings in *Parker, Maximiliano* and *Caceres*, it is beyond question that Axiom's letter is not a communication made in connection with the collection of a debt. The purpose of Axiom's letter was to inform Plaintiff that Axiom acquired his account on July 18, 2019, and immediately assigned it to Grassy Sprain Group, LLC. ECF No.

4

14, Exhibit A, Declaration of Jenna Wilmes, ¶ 6 and Ex. 1.  The letter explicitly states that "[t]he purpose of this letter is to inform you of the change of owner," "[p]lease note this is not a bill" and further directs Mr. Valenzuela to remit future payments and correspondence to Grassy Sprain Group, LLC. *Id.*  As in *Parker*, it contains no demand for payment and specifically states that the letter is not an attempt to collect a debt.  Unlike *Caceres*, the letter makes no reference to continuing collection efforts, it does not threaten the imposition of any additional fees or interest, and it does not contain any payment instructions. Indeed, Axiom's letter explicitly informs Mr. Valenzuela *not* to make any payments to Axiom; it specifically tells him that any future correspondence or payments should be directed to the new account owner. *Id.i*

As noted above, in order to meet his *prima facie* burden, Mr. Valenzuela must establish that the challenged conduct was made "in connection with the collections of any debt." *Reese v. Ellis, Painter, Ratterree, & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). He cannot do so here.  As such, Mr. Valenzuela cannot meet his *prima facie* burden, and Axiom is entitled to summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Defendant Axiom Acquisition Ventures, LLC respectfully requests that this Honorable Court grant its Motion and enter judgment in its favor and against Plaintiff.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
      LAUREN M. BURNETTE, ESQUIRE
      FL Bar No. 0120079
      JOHN M. MAREES II, ESQUIRE
      FL Bar No. 0069879

5

        12276 San Jose Blvd.
        Suite 718
        Jacksonville, FL 32223
        (904) 527-1172
        (904) 683-7353 (fax)
        lburnette@messerstrickler.com
        jmarees@messerstrickler.com
        *Counsel for Axiom Acquisition Ventures, LLC.*

## CERTIFICATE OF SERVICE

  I certify that on January 13, 2020, a true copy of the foregoing document was served as follows:

*By CM/ECF:*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

        **MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
   LAUREN M. BURNETTE, ESQUIRE
   FL Bar No. 0120079
   JOHN M. MAREES II, ESQUIRE
   FL Bar No. 0069879
   12276 San Jose Blvd.
   Suite 718
   Jacksonville, FL 32223
   (904) 527-1172
   (904) 683-7353 (fax)
   lburnette@messerstrickler.com
   jmarees@messerstrickler.com
   *Counsel for Axiom Acquisition Ventures, LLC.*

Dated: January 13, 2020