## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT VALENZUELA,

      Plaintiff,                              CASE NO. 8:19-cv-02181-JSM-CPT

v.

                                          Honorable Judge James S. Moody, Jr.

AXIOM ACQUISITION VENTURES, LLC,

      Defendant.

_____/

## MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY AND TO PRODUCE DOCUMENTS

NOW comes ROBERT VALENZUELA ("Plaintiff"), pursuant to Fed. R. Civ. P. 37 and Local Rule 3.04, by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), and hereby files this Motion to Compel Defendant to Respond to Discovery and to Produce Documents, against AXIOM ACQUISITION VENTURES, LLC ("Defendant" or "Axiom"), and as grounds therefore, states as follows:

1.  On August 29, 2019, Plaintiff filed his Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. 1]. Thereafter, on September 25, 2019, Defendant filed its Answer. [Dkt. 9]. In its Answer, Defendant denied liability under the FDCPA, but Defendant admitted that it acts as a debt collector as defined by the FDCPA. *Id.* at 3.

2.  On October 17, 2019, this Honorable Court entered a Case Management and Scheduling Order ("Scheduling Order") [Dkt. 13]. Shortly thereafter, on October 25, 2019, Plaintiff's counsel served Plaintiff's initial disclosures and discovery requests to Defendant's counsel.

3.   Defendant's counsel delivered written responses to Plaintiff's discovery requests by November 20, 2019. Upon reviewing Defendant's discovery responses, Plaintiff's counsel detected multiple deficiencies with Defendant's answers and production.

4.   Subsequently, on December 13, 2019, Plaintiff's counsel alerted Defendant's counsel of the aforementioned discovery deficiencies. Shortly thereafter, pursuant to Fed. R. Civ. P. 37 and Local Rule 3.01,  the parties' attorneys met and conferred in good faith to discuss the discovery issues outlined by Plaintiff.

5.   Rather than curing its deficient discovery responses and allowing the parties to uncover necessary discovery, Defendant filed its early Motion for Summary Judgment (Defendant's Motion") on January 13, 2020, even though over nine months remained before the close of discovery. [Dkt. 14]. Defendant's Motion was premised entirely on Defendant's self-serving assertion that it did not attempt to collect from Plaintiff.

6.   Plaintiff had to allocate time and resources to respond to Defendant's Motion instead of proceeding to ask this Honorable Court to intervene in the parties' discovery dispute. Plaintiff filed his response in opposition to Defendant's Motion on February 10, 2020.

7.   Afterwards, this Honorable Court denied Defendant's Motion on March 6, 2020. Defendant continues to refuse to address the discovery deficiencies outlined by Plaintiff's counsel.

## DISCOVERY REQUESTS, OBJECTIONS, AND
## REASONS THE MOTION SHOULD BE GRANTED

### Plaintiff's First Set of Interrogatories (Attached Hereto in its Entirety as Exhibit "A")

**INTERROGATORIES**

**14. INTERROGATORY:** Identify any system, computer software, application, or other form of technology used by You or any third parties to generate the collection letters You sent to Plaintiff.

**RESPONSE:** Objection. Axiom first objects to Plaintiffs characterization of the correspondence at issue in this case it as a "collection letter" because it was not an attempt to collect Plaintiffs

Account. Axiom also objects to this Interrogatory on the basis that it seeks information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCP A by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. The systems, computer software, application, or other technology used by Axiom to generate the correspondence at issue in this case has nothing to do with Plaintiffs limited claims. On balance, such information is neither relevant to Plaintiffs claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

By way of further response, Axiom objects to this Interrogatory on the basis that it seeks information that is confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make its systems, computer software, applications, or other technology it uses or employs available to its competitors, thus divesting Axiom of the benefit of its investment in the creation and promulgation of such systems, computer software, application, or other technology.

**REASON:** Defendant first objects to this Interrogatory by claiming that it did not attempt to collect upon Plaintiff's account. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). Consequently, it is improper for Defendant to refuse to answer this Interrogatory by unilaterally claiming that it did not attempt to collect from Plaintiff. The question of whether or not Defendant attempted to collect from Plaintiff is for the finder of fact, not Defendant.

Defendant then claims that this Interrogatory is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the technology used to generate the letter(s) at issue is not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Interrogatory is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the tools used by Defendant to generate its letter(s) to consumers and discover the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see a true and accurate copy of Plaintiff's First Set of Interrogatories, which contain the definitions and instructions for all of Plaintiff's discovery requests, hereto attached as Exhibit "B"). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Interrogatory by proclaiming that the information sought by Plaintiff is confidential, proprietary, and a maintained trade secret. Such

broad objections have been ruled as improper. *See Sliwa v. Bright Home Networks, LLC,* 2018 U.S. Dist. LEXIS 218993 (M.D. Fla. Feb. 14, 2018). Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**20. INTERROGATORY:** Identify how the information regarding Plaintiff, including but not limited to Plaintiffs personal information and the information regarding purported debts or accounts, was inputted into the collection letters sent to Plaintiff.

**RESPONSE:** Objection. Axiom objects to Plaintiffs characterization of the correspondence it sent to Plaintiff as a "collection letter" because it was not an attempt to collect Plaintiffs Account. Axiom also objects to this Interrogatory on the basis that it seeks information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. The method by which the information contained within the correspondence at issue was inputted into that correspondence has nothing to do with Plaintiffs limited claims. On balance, such information is neither relevant to Plaintiffs claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

By way of further response, Axiom objects to this Interrogatory on the basis that it seeks information related to Axiom's policies and procedures that is confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make its policies and procedures available to its competitors, thus divesting Axiom of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant first objects to this Interrogatory by claiming that it did not attempt to collect upon Plaintiff's account. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). Consequently, it is improper for Defendant to refuse to answer this Interrogatory by unilaterally claiming that it did not attempt to collect from Plaintiff. The question of whether or not Defendant attempted to collect from Plaintiff is for the finder of fact, not Defendant.

Defendant then claims that this Interrogatory is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the methods used to input information to its the letter(s) is not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Interrogatory is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the methods and tools used by Defendant to generate its letter(s) to consumers and discover the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it

did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Interrogatory by proclaiming that the information sought by Plaintiff is confidential, proprietary, and a maintained trade secret. Such broad objections have been ruled as improper. *See Sliwa,* 2018 U.S. Dist. LEXIS 218993. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**21. INTERROGATORY:** Identify all of the information you include in Collection Notices You send to consumers relating to collection of a debt.

**RESPONSE:** Objection. Axiom objects to this Interrogatory on the basis that it seeks information that is neither relevant nor proportional to the needs of the case. In this Interrogatory, Plaintiff asks Axiom to identify all information it includes in any written communication, correspondence, note, letter, or other documents it sent to any consumer relating to the collection of any debt or account over an indefinite period. The Interrogatory is not limited to the information included in the correspondence at issue in this case.

**REASON:** Defendant claims that this Interrogatory is neither relevant nor proportional to the instant action. However, Defendant asserts in other requests and in Defendant's Motion that it did not attempt to collect from Plaintiff. Therefore, it is relevant for Plaintiff's case to know what sort type of information Defendant includes in collection notices in order to contrast it with the letters mailed to Plaintiff. Defendant's relevance and proportionality objections are meritless as this Interrogatory plainly asks Defendant to describe what information it includes in collection notices mailed to consumers. It is evident that this Interrogatory is relevant and proportional for determining whether Defendant attempted to collect from Plaintiff. Moreover, this Interrogatory is relevant and proportional as the answer could have significant implications for the analysis of Plaintiff's damages under 15 U.S.C. § 1692k.

**23. INTERROGATORY:** Identify all of the step(s) You take to ensure that You properly disclose to a consumer that You are a debt collector in the Collection Letters You mail to them.

**RESPONSE:** Objection. Axiom objects to this Interrogatory on the basis that it seeks information that is neither relevant nor proportional to the needs of the case. In this Interrogatory, Plaintiff seeks information related to the steps it takes to ensure that it properly discloses to any consumer that it is a debt collector in any communication, correspondence, note, letter, or other documents it sent regarding any debt or account over an indefinite period.

By way of further response, Axiom objects to this Interrogatory on the basis that it seeks information related to Axiom's policies and procedures which are proprietary and confidential to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting Axiom of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Interrogatory is neither relevant nor proportional to the instant action. One of Plaintiff's allegations is that Defendant violated the FDCPA by failing to disclose itself as a debt collector. This Interrogatory plainly asks Defendant to identify its procedures for ensuring that the aforementioned disclosure is made when communicating with consumers. This Interrogatory is relevant and proportional as it is specifically related to a precise allegation in Plaintiff's Complaint.

In a last ditch effort, Defendant also objects to this Interrogatory by proclaiming that the information sought by Plaintiff is confidential, proprietary, and a maintained trade secret. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

### **Plaintiff's Requests for Production of Documents (Attached Hereto in its Entirety as Exhibit "C")**

**7. REQUEST:** All documents regarding how You determine the layout of Your collection letters.

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The layout of the letters is not in dispute, nor is the absence of language identifying Axiom as a "debt collector." As such, documents regarding Axiom's development of the layout of its letters is irrelevant to Plaintiff's limited claims and to Axiom's defenses to those claims. The manner in which Axiom designs its letters has no bearing whatsoever on the narrow issues in this case.

Axiom further objects to this Request as inappropriately broad. Plaintiff seeks all documents related to the creation of any written communication, correspondence, note, letter, or other document sent to any person or entity regarding the collection or attempted collection of any debt over an indefinite period. The Request is not limited to the particular correspondence at issue in this case.

Finally, Axiom objects to this Request on the basis that is seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Request is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the layout of its the letter(s) is not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The documents(s) requested in this Request is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the methods and tools used by Defendant to generate its letter(s) to consumers in order to determine the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

Defendant then objects on the basis that this Request is "inappropriately broad." Defendant either used an inapplicable boilerplate objection or is reading information not contained in this Request. Defendant asserted that Plaintiff "seeks all documents related to the creation of any written communication, correspondence, note, letter, or other document sent to any person or entity regarding the collection or attempted collection of any debt over an indefinite period."

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**8. REQUEST:** All manuals, memoranda, instructions, and other documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to compliance with the Fair Debt Collection Practices Act ("FDCPA").

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request essentially seeks the entirety of Axiom's compliance management system, the overwhelming majority of which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

For similar reasons, Axiom objects to this Request as overly broad and unduly burdensome. In this Request, Plaintiff seeks all manuals, memoranda, instructions, or other documents that discuss,

describe, or set forth standards, criteria, guidelines, policies, or practicing relating to compliance with *any* provision of the FDCPA over an indefinite period. The Request is not limited to the any specific provisions of the FDCPA, much less the provisions of the FDCPA at issue in this case. It would be incredibly time-consuming and costly for Axiom to produce all manuals, memoranda, instructions, and other documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to compliance with *any* provision of the FDCPA over an indefinite period. The costs and expense of doing so would substantially outweigh any limited benefit Plaintiff might derive from obtaining these documents.

Furthermore, even if this Request were limited to the specific provisions of the FDCPA framed by the pleadings, Axiom has not asserted a *bona fide* error defense to Plaintiff's claims and, as such, any documents responsive to a narrowed request would be irrelevant and not proportional to the needs of the case.

Finally, Axiom objects to this Request on the basis that is seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant asserts that this Request is neither relevant nor proportional to Plaintiff's claims. In this Request, Plaintiff simply asks Defendant to produce its internal documents regarding compliance with the FDCPA.  Plaintiff brought a cause of action alleging that Defendant did not comply with the FDCPA by failing to include necessary disclosures. Therefore, it is wholly relevant for Plaintiff to obtain documents from Defendant that outline its policies and procedures regarding FDCPA compliance. Defendant mistakenly believes that these policies and procedures are not relevant because it did not raise a bona fide error defense. This belief is misplaced and erroneous as it ignores the fact that the primary reason why Defendant's policies and procedures are relevant is because Plaintiff alleged that Defendant engaged conduct that was noncompliant with the FDCPA. Moreover, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objections based on proportionality and that compliance would be unduly burdensome are baseless.

Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**9. REQUEST:** Any and all documented data retention policies and a description of the data retention policies actually in place.

**RESPONSE:** Objection. Axiom objects to this Request on the same bases raised in its response to Request No. 8, *supra*. This Request seeks *any* documented data retention policies that Axiom has ever employed or used over an indefinite period. Furthermore, Plaintiff's claims rely entirely upon two letters Axiom sent to Plaintiff advising Plaintiff of Axiom's sale of Plaintiff's account. There are no allegations in any of the pleadings that Axiom failed to retain, lost, destroyed, or otherwise misplaced any data related to Plaintiff's account.

By way of further response, Axiom objects to this Request on the basis that is seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant asserts that this Request is neither relevant nor proportional to Plaintiff's claims. In his Complaint, Plaintiff alleged that "the contents of Defendant's letter are confusing as to the origins and chain of ownership of the subject consumer debt." [Dkt. #1]. Plaintiff made the aforementioned allegation because Defendant's letter indicated that the subject debt was sold and purchase on multiple occasions, but the contents and structure of the Defendant's letter created confusion as to the chain of ownership of the subject debt. Consequently, Defendant's data retention policies are relevant to examine Defendant's protocols for retaining information for Defendant's regulatory compliance when a debt is either purchased by Defendant or placed with Defendant for collection. Moreover, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**11. REQUEST:** Copies of the operation manual(s) for all systems and/or technology employed by You or any third parties to create the collection letters You sent to Plaintiff during the relevant time period.

**RESPONSE:** Objection. Axiom first objects to Plaintiff's characterization of the correspondence at issue in the case as a "collection letter" because the correspondence was not an attempt to collect Plaintiff's account. Axiom also objects to this Request on the basis that it seeks documents and

information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request seeks the operation manual(s) for all systems and technology employed by Axiom to create the correspondence at issue in this case which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given then claims at issue and Axiom's defenses to those claims.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies, procedures, technology, and systems, which are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies, procedures, technology, and systems available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies, procedures, technology, and systems.

**REASON:** Defendant first objects to this Request by claiming that it did not attempt to collect upon Plaintiff's account. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). Consequently, it is improper for Defendant to refuse to answer this Request by unilaterally claiming that it did not attempt to collect from Plaintiff. The question of whether or not Defendant attempted to collect from Plaintiff is for the finder of fact, not Defendant.

Defendant then claims that this Request is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the manuals of the technology used to generate the letter(s) at issue is not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Request is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the tools used by Defendant to generate its letter(s) to consumers and discover the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned.  Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993.* Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**14. REQUEST:** Please provide all documents relating to the technology employed by Your collections department to send the collection letters to Plaintiff.

**RESPONSE:** Objection. Axiom first objects to Plaintiff's characterization of the correspondence at issue in the case as a "collection letter" because the correspondence was not an attempt to collect Plaintiff's account. Axiom also objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request seeks all documents relating to the technology employed by Axiom to create and send this correspondence at issue to Plaintiff which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies, procedures, and technology that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies, procedures, and technology available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies, procedures, and technology.

**REASON:** Defendant first objects to this Request by claiming that it did not attempt to collect upon Plaintiff's account. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). Consequently, it is improper for Defendant to refuse to answer this Request by unilaterally claiming that it did not attempt to collect from Plaintiff. The question of whether or not Defendant attempted to collect from Plaintiff is for the finder of fact, not Defendant.

Defendant then claims that this Request is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the documents related to the technology used to generate the letter(s) at issue are not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Request is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the tools used by Defendant to generate its letter(s) to consumers and discover the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**15. REQUEST:** Please provide Your internal procedures or manual(s) relating to Your debt collection activities.

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request seeks the entirety of Axiom's internal policies, procedures, and manuals relating to any "debt collection activity" that Axiom has employed over an indefinite period, the overwhelming majority of which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

For similar reasons, Axiom objects to this Request as overly broad and unduly burdensome. In this Request, Plaintiff seeks *all* internal procedures and manuals related to *any* debt collection activity ever employed or used by Axiom over an indefinite period. It is neither limited to procedures and manuals used or employed by Axiom in the collection of Plaintiff's Account nor the procedures or manuals that may have been used to create the correspondence at issue in this case. It would be incredibly time-consuming can costly for Axiom to produce all internal policies, procedures, and manuals relating to any "debt collection activity" that Axiom has employed over an indefinite period. The cost and expense of doing so would substantially outweigh any limited benefit Plaintiff might derive from obtaining these documents.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Request is neither relevant nor proportional to the instant action. To support its position, Defendant contends that its internal manual related to debt collections are not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Request is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with Defendant's collection procedures to determine the reason for its failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how

Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Additionally, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**16. REQUEST:** Please provide all documents relating to the technology employed by Your collections department to create the collection letters You sent to Plaintiff.

**RESPONSE:** Objection. Axiom first objects to Plaintiff's characterization of the correspondence at issue in this case as a "collection letter" because the correspondence was not an attempt to collect Plaintiff's Account. Axiom also objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. All documents related to the technology employed by Axiom to create the correspondence it sent to Plaintiff has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies, procedures, and technology that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies, procedures, and technology available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies, procedures, and technology.

**REASON:** Defendant first objects to this Request by claiming that it did not attempt to collect upon Plaintiff's account. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). Consequently, it is improper for Defendant to refuse to answer this Request by unilaterally claiming that it did not attempt to collect from Plaintiff. The question of whether or not Defendant attempted to collect from Plaintiff is for the finder of fact, not Defendant.

Defendant then claims that this Request is neither relevant nor proportional to the instant action. To support its position, Defendant contends that the documents related to the technology used to generate the letter(s) at issue are not relevant to Plaintiff's claims that Defendant failed to include information it was required to disclose pursuant to the FDCPA. The information requested in this Request is relevant to Plaintiff's case as it is necessary for Plaintiff to become familiar with the tools used by Defendant to generate its letter(s) to consumers and discover the reason for Defendant's failure to comply with the FDCPA. Moreover, as Defendant intends to argue that it did not attempt to collect from Plaintiff, then it is relevant for Plaintiff to obtain information regarding Defendant's collection system and practices in order to learn how Defendant communicates with debtors who will be targeted for collection, and how Defendant distinguishes them from consumers who are merely informed that a debt was assigned. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993.* Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**17. REQUEST:** Any and all documents pertaining to Your policies and procedures as to past due accounts, including any attempts to collect debts, collection of monies and/or debts and/or past due accounts.

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request seeks all documents pertaining to any policy or procedure employed by Axiom to collect any sum of money, debt, or past due account over an indefinite period, the overwhelming majority of which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

For similar reasons, Axiom objects to this Request as overly broad and unduly burdensome. This Request seeks all documents pertaining to *any* policies or procedures employed or used by Axiom to collect to collect *any* sum of money, debt, or past due account over an indefinite period. It is neither limited to the particular policies and procedures Axiom may have employed in the collection of Plaintiff's account nor to the creation of the particular correspondence at issue. It would be incredibly time-consuming and costly for Axiom to produce all documents pertaining to *any* policies or procedures employed or used by Axiom to collect to collect *any* sum of money, debt, or past due account over an indefinite period. The cost and expense of doing so would substantially outweigh any limited benefit Plaintiff might derive from obtaining these documents.

14

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Request is neither relevant nor proportional to the instant action. Defendant's relevancy objection to this Request for policies and procedures on collecting past due accounts is inconsistent with Defendant's assertion that it did to attempt to collect from Plaintiff. Defendant has repeatedly proclaimed that it did not attempt to collect from Plaintiff in its Answer, throughout its discovery responses, and in Defendant's Motion, which this Honorable court denied. Therefore, Defendant's policies and procedures on collecting upon past due accounts are clearly relevant to compare Defendant's collection practices to how it engaged Plaintiff in the instant matter. Moreover, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objections based on proportionality and that compliance with this Request would be unduly burdensome are baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

**21. REQUEST:** Please provide any and all documents outlining or addressing Your policies and procedures as they relate the information You include in Collection Notices You send to consumers relating to collection of a debt.

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that is neither relevant nor proportional to the needs of the case. The sole issue for determination in this case is whether Axiom violated the FDCPA by neglecting to identify itself as a "debt collector" and provide disclosures required by 15 U.S.C. § 1692g. This Request seeks any and all documents outlining or addressing any policy or procedure that related to any "collection notice" Axiom sent to any consumer regarding any account over an indefinite period, the overwhelming majority of which has nothing to do with the limited claims Plaintiff makes in this case. On balance, such information is neither relevant to Plaintiff's claims nor proportional to the parties' respective needs, given the claims at issue and Axiom's defenses to those claims.

For similar reasons, Axiom objects to this Request as overly broad and unduly burdensome. This Request seeks all documents that outline or address *any* policy or procedure that relates to *any* information that Axiom includes in *any* "collection notice" it sent to *any* consumer relating to the

collection of *any* debt over and indefinite period. It is neither limited to the policies and procedures Axiom may have employed to create any "collection notice" sent to Plaintiff nor to the policies and procedures Axiom may have employed to create the correspondence at issue in this case. It would be incredibly time-consuming and costly for Axiom to produce all documents that outline or address *any* policy or procedure that relates to *any* information that Axiom includes in *any* "collection notice" it sent to *any* consumer relating to the collection of *any* debt over and indefinite period. The costs and expense of doing so would substantially outweigh any limited benefit Plaintiff might derive from obtaining these documents.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Request is neither relevant nor proportional to the instant action. Defendant's relevancy objection to this Request for policies and procedures on collection notices is inconsistent with Defendant's assertion that it did to attempt to collect from Plaintiff. Defendant has repeatedly proclaimed that it did not attempt to collect from Plaintiff in its Answer, throughout its discovery responses, and in Defendant's Motion, which this Honorable court denied. Therefore, Defendant's policies and procedures on collection notices are clearly relevant to compare Defendant's collection practices to how it engaged Plaintiff in the instant matter. Moreover, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objections based on proportionality and that compliance with this Request would be unduly burdensome are baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

22**. REQUEST:** Please provide any and all documents outlining or addressing Your policies and procedures as they relate to appraising a consumer of his or her right under 15 U.S.C § 1692g.

**RESPONSE:** Objection. Axiom objects to this Request on the basis that it seeks documents and information that are neither relevant nor proportional to the needs of the case. This Request seeks *all* policies and procedures that Axiom employs or employed to appraise *any* consumer of his or her rights under 15 U.S.C. §1692g over an indefinite period. This Request is not limited to the

policies and procedures Axiom may have employed to appraise Plaintiff of his rights under 15 U.S.C. §1692g regarding his underlying account.

By way of further response, Axiom objects to this Request on the basis that it seeks documents related to Axiom's policies and procedures that are confidential and proprietary to Axiom and maintained by Axiom as trade secrets. The public dissemination of such information (or the public description thereof) would make Axiom's policies and procedures available to its competitors, thus divesting it of the benefit of its investment in the creation and promulgation of such policies and procedures.

**REASON:** Defendant claims that this Request is neither relevant nor proportional to the instant action. This Request plainly asks Defendant to produce "any and all documents outlining or addressing Your policies and procedures as they relate to appraising a consumer of his or her right under 15 U.S.C § 1692g." Yet, Defendant argues that this Request is not relevant because it is "not limited to the policies and procedures Axiom may have employed to appraise Plaintiff of his rights under 15 U.S.C. §1692g regarding his underlying account." One of Plaintiff's allegations is that Defendant did not comply with the FDCPA by failing to inform him of his rights under 15 U.S.C. §1692g. Therefore, Defendant's reasoning is a nonstarter. This Request is clearly relevant because it is directly tied to one of the core allegations in Plaintiff's Complaint. Moreover, Defendant's policies and procedures are inherently relevant for the damages analysis under 15 U.S.C. § 1692k. The FDCPA is a strict liability statute. Thus, whether or not a debt collector maintains policies and procedures to comply with the law is relevant for a consumer to prosecute his rights pursuant to the FDCPA. Furthermore, Plaintiff plainly limited the scope of discovery in his instructions by establishing the relevant timeframe of discovery as May 1, 2019 through the present (see Exhibit B). Therefore, Defendant's objection based on proportionality is baseless.

In a last ditch effort, Defendant also objects to this Request by proclaiming that the documents sought by Plaintiff are confidential, proprietary, and maintained trade secrets. Such broad objections have been ruled as improper. *See Sliwa, 2018 U.S. Dist. LEXIS 218993*. Plaintiff has communicated his willingness to agree to a protective order, but Defendant refused to comply with discovery due to its other objections.

<u>**MEMPRANDUM OF LAW**</u>

### A. <u>SCOPE OF DISCOVERY</u>

Fed. R. Civ. P. 26(b)(1), as amended effective December 1, 2015, governs the scope of

discovery in civil cases. The Rule states that generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A party may file a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a). Rulings on motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 U.S. Dist. LEXIS 148507, 2011 WL 6780879, at *2 (M.D. Fla. Dec. 27, 2011) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).

Notably, "[t]he recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, do not change the definition of relevance." *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676 n.4 (S.D. Ga. 2016). The scope of permissible, relevant discovery is determined by the parties' claims and defenses. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 U.S. Dist. LEXIS 7690, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 U.S. Dist. LEXIS 40180, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (citing *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013)).

In addition to relevance, discovery must be proportional "to the needs of the case." Fed. R. Civ. P. 26(b)(1). In making this determination, the courts are guided by the non-exclusive list of factors set forth in Rule 26(b)(1). The proportionality analysis begins with a review of the actual claims and defenses in the case, "and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Koster v. Landmark Am. Ins. Co.*, No. 5:14-CV-

689-OC-37PRL, 2016 U.S. Dist. LEXIS 66656, 2016 WL 3014605, at *2 (M.D. Fla. May 20, 2016).

      a.  **DEFENDANT'S RELEVANCY AND PROPORTIONALITY OBJECTIONS SHOULD BE OVERRULED**

As discussed in further detail above, Defendant employed a litany of boilerplate and often-contradictory objections based on relevancy and proportionality. In essence, all of Plaintiff's discovery requests reflected above ask Defendant to either explain and/or produce its collection manuals, and policies and procedures. Plaintiff contends that he has met his burden to dispel Defendant's relevancy objections. As for Defendant's proportionality objections, Plaintiff clearly stated that the relevant period for discovery was from May 1, 2019 through the present.

    **B.  THE FDCPA'S "ATTEMPT TO COLLECT" FACTOR**

The FDCPA is a consumer protection statute designed to "eliminate abusive debt collection practices by debt collectors." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 639 (7th Cir. 2014). Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *3 (N.D. Ill. 1999) citing 15 U.S.C. §1692(a).

For the FDCPA to apply, "two threshold criteria must be met. First, the defendant must qualify as a 'debt collector,' which the FDCPA defines as any person who 'uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts' or who 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). "Second, the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Id.* There is no bright-line rule for determining whether a communication from a debt collector was made in connection

with the collection of any debt. *Id.* "A court must analyze the nature of the parties' relationship, the presence or absence of a demand for payment, and the purpose and context of the communications." *Id.* at 395. "Whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships*, 577 F.3d 790, 798 (7th Cir. 2009).

a. **DEFENDANT'S OBJECTIONS ON THE CLASSIFICATION OF ITS LETTERS AS COLLECTION ATTEMPTS SHOULD BE OVERRULED**

On multiple instances, Defendant refused to comply with Plaintiff's discovery requests based on its own self-serving factual conclusion that its letters were not attempts to collect from Plaintiff. Defendant cannot refuse to comply with discovery through its own conclusion on a fundamental FDCPA factor. Plaintiff contends that he has met his burden as reflected above to dispel these objections.

C. **PROTECTIVE ORDERS**

Fed. R. Civ. P. 26(c) outlines the available means to protect sensitive information from public disclosure. The Rule states the following:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

### a.  PLAINTIFF IS WILLING TO AGREE TO A PROTECTIVE ORDER

Defendant also refused to comply with discovery by repeatedly claiming that the information and/or documents sought by Plaintiff were confidential, proprietary, and maintained trade secrets. Fed. R. Civ. P. 26(c), as cited above, provides the answer to Defendant's concerns. Plaintiff communicated his willingness to agree to a protective order in order to minimize Defendant's fears, but Defendant still refused comply with Discovery.

WHEREFORE, Plaintiff respectfully request the Court enter an order pursuant to Fed. R. Civ. Pro. 37(a)(3)(B)(iii) compelling Defendant to immediately respond to Plaintiff's discovery requests and requiring Defendant to pay reasonable costs and fees to Plaintiff associated with its delay pursuant Fed. R. Civ. Pro. 37(a)(5)(A).

Dated: April 3, 2020                              Respectfully Submitted,

                                                  /s/ Alejandro E. Figueroa
                                                  Alejandro E. Figueroa, Esq.
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd
                                                  2500 S Highland Ave, Suite 200
                                                  Lombard, IL 60148
                                                  Telephone: (630) 575-8181 Ext. 120
                                                  alejandrof@sulaimanlaw.com

## CERTIFICATE OF CONFERENCE

WE HEREBY CERTIFY that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion, and counsel have not yet agreed on the resolution of the motion.

## CERTIFICATE OF SERVICE

I, Alejandro E. Figueroa, an attorney, hereby certify that on April 3, 2020, the foregoing **MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY AND TO PRODUCE DOCUMENTS** was filed with the Clerk of the Court of the United States District Court for the Middle District of Florida by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
