UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VALENZUELA,

    Plaintiff,

v.                                          Case No. 8:19-cv-2181-T-60CPT

AXIOM ACQUISITION
VENTURES, LLC,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT AXIOM ACQUISITION
VENTURES, LLC'S RENEWED MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant Axiom Acquisition Ventures, LLC's Renewed Motion for Summary Judgment and Incorporated Memorandum of Law," filed on May 7, 2020.   (Docs. 36; 37).   On May 21, 2020, Plaintiff Robert Valenzuela filed his response in opposition.   (Doc. 40; 41; 44; 45).[1]   On June 8, 2020, Defendant filed a reply.   (Doc. 48; 49; 51).[2]   Upon review of the motion, response, reply, court file, and record, the Court finds as follows:

**Background**[3]

The facts are largely undisputed.   Plaintiff Robert Valenzuela purportedly took out a personal loan with Cross River Bank to fund the purchase of personal and household goods and services.   After Plaintiff allegedly defaulted on his payments,

---

[1] Docs. 40 and 41 are public filings containing redactions, while Docs. 44 and 45 are sealed documents without redactions.
[2] Doc. 48 is a public filing containing redactions, while Docs. 49 and 51 are sealed documents without redactions.
[3] The Court construes the facts and evidence in light most favorable to Plaintiff for the purpose of ruling on the motion for summary judgment.

Cross River Bank sold the consumer debt to Defendant Axiom Acquisition Ventures, LLC ("Axiom"). On July 22, 2019, Axiom sent a letter to Plaintiff Robert Valenzuela related to this consumer debt, which serves as the basis for this lawsuit.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in order to protect consumers from unfair debt collection practices. *Acosta v. Campbell*, 309 F. App'x 315, 320 (11th Cir. 2009). Under the FDCPA, "[a] debt collector may not

engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. To prevail on an FDCPA claim, a plaintiff must prove: "the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)).

Plaintiff contends that the July 22, 2019, letter violates the FDCPA in three ways: (1) the letter did not inform him of his right to dispute the debt as required by 15 U.S.C. § 1692g; (2) the letter was false, deceptive, and misleading under 15 U.S.C. § 1692e because it confused and misled him as to the origins and chain of ownership of the debt; and (3) the letter was an unfair and unconscionable means of debt collection in violation of 15 U.S.C. § 1692f because it concealed Axiom's status as a debt collector.[4] However, Axiom contends that the letter was not a communication sent in connection with the collection of a debt as its only purpose was to inform Plaintiff of a change in ownership of the underlying debt.

The record reflects – and Axiom does not contest – that Axiom is a debt collector. Axiom also appears to acknowledge that the alleged conduct is related to debt collection. However, Axiom argues that Plaintiff cannot establish, as a matter of law, that the letter violated the FDCPA because the letter does not qualify as a

---

[4] In his complaint, Plaintiff bases his claims on a letter dated July 22, 2019. However, it appears that discovery revealed the existence of a second letter dated August 21, 2019. The Court only addresses the July 22, 2019, letter referenced in the complaint.

communication "in connection with the collection of a debt." Axiom contends that the purpose of the letter was merely to inform Plaintiff of a change in ownership of the underlying debt.

The phrase "communication in connection with the collection of a debt" has been addressed numerous times in the Middle District of Florida as well as the Eleventh Circuit. When determining whether a communication was made in connection with the collection of a debt, courts look to the language of the communication itself to ascertain whether it contains a demand for payment. *See, e.g., Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2303 (2017); *Parker v. Midland Credit Mgmt*, 874 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). The language must be evaluated through the eyes of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This standard does not depend on the plaintiff's individual perception, or even the perception of a reasonable consumer. Instead, it depends on whether the least sophisticated consumer would know that the statement was false. *Landeros v. Pinnacle Recovery, Inc.*, 692 F. App'x 608, 613 (11th Cir. 2017).

The Eleventh Circuit has explained that a communication from a debt collector may have dual purposes, such as giving notice to a consumer of certain matters *and* demanding payment. *See, e.g., Reese v. Ellis, Painter, Ratteree & Adams LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012). The Court has carefully reviewed and considered the July 22, 2019, letter. This is a close case, but upon review, the Court concludes letter has dual purposes. Although a primary purpose of the letter is clearly to inform Plaintiff that the underlying debt was assigned to Grassy Sprain, the letter also

includes specific language urging Plaintiff to immediately remit future payments to Grassy Sprain.   This "call of action" for Plaintiff to remit payment to Grassy Sprain constitutes a communication in connection with collection of a debt.   Had that part of the letter not been included, the outcome here may have been different.   Axiom's motion for summary judgment is due to be denied.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1)     "Defendant Axiom Acquisition Ventures, LLC's Renewed Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of October, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**