UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VALENZUELA,

    Plaintiff,

v.                                           Case No. 8:19-cv-2181-T-60CPT

AXIOM ACQUISITION
VENTURES, LLC,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT AXIOM ACQUISITION
VENTURES, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)"**

This matter is before the Court on "Defendant Axiom Acquisition Ventures, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)," filed by counsel on December 1, 2020. (Doc. 55). On December 15, 2020, Plaintiff Robert Valenzuela filed a response in opposition to the motion. (Doc. 56). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

The facts are largely undisputed. Plaintiff purportedly took out a personal loan with Cross River Bank to fund the purchase of personal and household goods and services. After Plaintiff allegedly defaulted on his payments, Cross River Bank sold the consumer debt to Defendant Axiom Acquisition Ventures, LLC. On July

22, 2019, Defendant sent a letter to Plaintiff related to this consumer debt, which serves as the basis for this lawsuit.

## Legal Standard

"Questions of subject matter jurisdiction may be raised at any time." *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016). Under Rule 12(b)(1), the party invoking federal jurisdiction bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Because Defendant presents a facial attack, the Court simply examines the complaint to determine whether Plaintiff has sufficiently alleged a basis of subject matter jurisdiction, accepting the allegations of the complaint as true. *See, e.g., Mraz v. I.C. Systems, Inc.*, No. 2:18-cv-254-FtM-38NPM, 2020 WL 5876947, at *1 (M.D. Fla. Oct. 2, 2020).

## Analysis

In its motion, Defendant argues that Plaintiff is unable to establish the requisite standing to maintain this action, citing to *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020). Article III grants the federal courts the judicial power to resolve actual cases or controversies. U.S. Const. art. III §§ 1-2; *see also Trichell*, 964 F.3d at 996 ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). A plaintiff therefore possesses constitutional standing to maintain a suit only where he has suffered some injury in fact caused by the defendant, and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation omitted). To meet this requirement, a plaintiff must "present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff." *Miccosukee Tribe of Indians v. Florida State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1204 (11th Cir. 1991)).

Over time, the injury-in-fact requirement has been clarified and refined. *See, e.g., Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016); *Nicklaw*, 839 F.3d at 1002. A plaintiff cannot demonstrate injury-in-fact whenever Congress has granted a statutory right and authorized suit; rather, a plaintiff must show "a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549; *see*

also *Trichell*, 964 F.3d at 998; *Nicklaw*, 839 F.3d at 1002; *Cooper v. Atl. Credit & Fin., Inc.*, 822 F. App'x 951, 953 (11th Cir. 2020). Therefore, a plaintiff must plead and ultimately prove concrete harm that is more than a "bare procedural violation." *Id.* at 953 (quoting *Spokeo*, 136 S. Ct. at 1549).

In this case, Plaintiff's allegations concerning concrete harm are lacking. He alleges that he was "unfairly misled" by Defendant's actions. Although Plaintiff alleges that he "suffered concrete harm as a result of Defendant's actions," he does not allege that he relied on the letter by taking any actions, such as disputing the debt with Defendant or making a payment. Nor does he allege he suffered any emotional distress, anxiety, loss of sleep, loss of income, loss of employment, harm to his reputation, or any other condition resulting from receipt of the July 22, 2019, letter. Instead, Plaintiff merely alleges that because he was "frustrated" over Defendant's conduct, he spoke with a law firm regarding his rights, resulting in an expenditure of resources.

Plaintiff's arguments to support standing are not persuasive. It appears that Plaintiff seeks to recover based on a representation that he believes was misleading or unfair, but he cannot allege or prove that he relied on the representation, or that the reliance caused him any damages. *See Trichell*, 964 F.3d at 998. As the Eleventh Circuit explained, "while a recipient may take offense that a private party has violated the [Fair Debt Collection Practices Act], that is akin to taking offense that the government has violated other statues – an injury that is canonically abstract as opposed to concrete." *Id.* at 1000. Because Plaintiff has not sufficiently

established a concrete and particularized injury, the motion to dismiss is due to be granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss" (Doc. 55) is hereby **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**